FILED

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

KEVIN SHARPE,

Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, DETECTIVE CHARLES
STEWART, tax # 929215, POLICE OFFICERS JOHN
AND JANE DOES 1-5,

CV 10 -

Jury Trial Demanded

**GARAUFIS, J.**

Defendants.

**GO. M.J.**

--------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action alleging that the City of New York and several

New York City Police Officers employed in the Brooklyn South Narcotics Division violated

plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States

Constitution, and state law.  Specifically, plaintiff alleges that, on January 11, 2010, defendants

falsely arrested him, used excessive force on him, assaulted and battered him, illegally strip

searched him, and made false allegations about him to the Kings County District Attorney's

Office.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such

other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault and battery.

4.     With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6.     Plaintiff is a resident of the State of New York who lives in Brooklyn.

7.     The City of New York is a municipal corporation organized under the laws of the State of New York.

8.     Detective Charles Stewart and John and Jane Does 1-5 are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Stewart and the other officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9.     On January 11, 2010, in the late afternoon or early evening, plaintiff exited his home on Rogers Avenue in Brooklyn to go shopping on Flatbush Avenue.

10.    At all relevant times, plaintiffs was obeying the law and was not acting in a suspicious manner.

11.    Plaintiff stopped along the way at a convenience store located on the corner of Rogers Avenue and Lenox Road in Brooklyn to purchase a soda.

2

12.     After plaintiff made his purchase and walked outside of the store, Detective Charles Stewart and several officers of the Brooklyn South Narcotics Division entered the store.

13.     Two of the officers, a tall black male and a short black female, seized plaintiff without cause and brought plaintiff back into the store.

14.     The male officer handcuffed plaintiff excessively tight causing pain, numbness, and bruising.

15.     The male officer and other officers searched plaintiff inside the store at least twice without legal cause or consent.

16.     Approximately 30 minutes after plaintiff was seized, the male officer and others put the handcuffed plaintiff in a van where he was held for approximately one hour.

17.     Officers then took plaintiff to the 71st Precinct

18.     Shortly after entering the precinct, an unidentified male officer strip searched plaintiff down to his underwear in front of other officers and detainees.

19.     The strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under her clothes.

20.     The strip search was also illegal because it was conducted in front of others causing plaintiff further unnecessary embarrassment and humiliation.

21.     Plaintiff was then placed in a cell.

22.     Plaintiff's designated "arresting officer" was Detective Stewart.

23.     While plaintiff was held in the precinct, neither Stewart nor any other officer provided plaintiff with food or water.

3

24.     While plaintiff was incarcerated in the precinct, Detective Stewart, pursuant to a conspiracy with the other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff had committed a narcotics offense.

25.     At approximately 11:00 p.m., officers brought plaintiff to Brooklyn Central Booking.

26.     While plaintiff was being admitted into Brooklyn Central Booking, an officer illegally strip searched plaintiff down to his underwear in front of other detainees.

27.     While plaintiff was confined in Brooklyn Central Booking, Detective Stewart, pursuant to a conspiracy with the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

28.     On January 12, 2010, at approximately 8:00 p.m., plaintiff was released from Brooklyn Central Booking because the District Attorney's Office declined prosecution.

29.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty for approximately 24 hours and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiffs experienced pain, numbness, and bruising from the excessively tight handcuffs. In addition, the defendants confiscated $250 from plaintiff and plaintiff's cell phone.

## FIRST CLAIM

30.     Plaintiff repeats the foregoing allegations.

31.     No police officer observed plaintiff commit a crime on January 11, 2010.

32.     At no time on January 11, 2010 did plaintiff commit a crime.

33. Accordingly, defendants' arrest of plaintiff was without probable cause in violation of plaintiff's rights under the Fourth Amendment and state law.

## SECOND CLAIM

## (UNREASONABLE FORCE)

34. Plaintiff repeats the foregoing allegations.

35. In the course of arresting plaintiff, defendants handcuffed plaintiff excessively tight causing pain, numbness, and bruising.

36. The aforesaid use of force was objectively unreasonable.

37. Accordingly, defendants are liable for using unreasonable force on plaintiff in violation of the Fourth Amendment.

## THIRD CLAIM

## (ASSAULT)

38. Plaintiff repeats the foregoing allegations.

39. Defendants committed an assault against plaintiff in violation of state law because the tight handcuffing, search incident to arrest, and strip search of plaintiff placed plaintiff in fear of an imminent harmful and offensive physical contact.

## FOURTH CLAIM

## (BATTERY)

40. Plaintiff repeats the foregoing allegations.

41. Defendants battered plaintiff in violation of state law because the excessively tight handcuffing and search incident to arrest of plaintiff constituted a wrongful physical contact with plaintiff.

## FIFTH CLAIM

## (ILLEGAL STRIP SEARCH)

42.  Plaintiff repeats the foregoing allegations.

43.  Defendants' strip search of plaintiff violated the Fourth Amendment because plaintiff had not committed a crime and because the search was not conducted in a private manner.

## SIXTH CLAIM

## (FABRICATION OF EVIDENCE)

44.  Plaintiff repeats the foregoing allegations.

45.  Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a crime.

46.  Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabricating evidence against him and denying him a fair trial.

## SIXTH CLAIM

## (MONELL CLAIM)

47.  Plaintiff repeats the foregoing allegations.

48.  The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

49.  Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

50.  In fact, Detective Stewart has been sued several times in federal court for civil rights violations.

51.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

52.     In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:     February 19, 2010

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391